## Norbert A. Blais v. J. Russell Blowers

[394 A.2d 1124]

No. 93-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 30, 1978

*David M. Gearin* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiff.

*Rexford, Kilmartin & Chimileski,* Newport, for Defendant.

**Larrow, J.** Plaintiff sued below on his bill for professional services in surveying a tract of land owned by the defendant. Trial was by court, with plaintiff the only witness. At the conclusion of his testimony, defendant moved for judgment

and presented no evidence. Some seven months later, with no apparent reason for the delay, the trial court entered judgment for the defendant. It made no findings or conclusions of law. Plaintiff appeals, claiming the trial court should have taken the evidence in the light most favorable to him and ruled in his favor even though defendant did not originally contract for the services in question, because ratification of the contract appears from plaintiff's testimony.

The original arrangement for the survey was made between plaintiff and one Maricca, a woman residing with defendant. As plaintiff concedes, no sufficient proof of her authority was introduced. Plaintiff says, however, that his case was made out on the basis of ratification, because he billed defendant several times, and defendant acknowledged receipt of the survey plan that plaintiff had prepared.

Two flaws appear in plaintiff's line of reasoning. He terms the motion of defendant one for a directed verdict, even though there was no jury, and assigns to the trial judge the duty of taking the evidence in the light most favorable to him.

█ The motion in question is governed by D.C.C.R. 41(b)(2); see V.R.C.P. 41(b)(2). It is properly termed one for dismissal. As shown by the Reporter's Note, it does serve the function served by a motion for directed verdict in a jury case, but it has another function, appropriate in nonjury cases. Under it, "the court as trier of the facts may then determine them and render judgment against the plaintiff. . . ." When it does so, it should make findings as provided by D.C.C.R. 52(a). The court here, despite the inordinate delay, did not make any findings. But none were requested by either party, and no claim of error in that respect has been briefed here.

█ We are not, therefore, faced with applying the rule plaintiff contends for. Absent findings, we can only inquire whether the judgment can be supported by the evidence, assigning to the trial court its appropriate function of passing upon the credibility of witnesses in the first instance. Quite evidently, on the proof before it, the trial court was not satisfied that all the elements of ratification had been established by a preponderance of the evidence. The scanty record estab-

lished below does not compel a conclusion by the trial court that the defendant ratified the original contract with full knowledge of all the facts at the time of the ratification and with an intent to so ratify. Cf. *Templeton Construction Corp.* v. *Kelly,* 130 Vt. 420, 296 A.2d 242 (1972). That being so, we must affirm.

*Judgment affirmed.*